[886 NE2d 179, 856 NYS2d 557]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WINDHAM, Appellant.

Argued February 14, 2008; decided March 25, 2008

**APPEARANCES OF COUNSEL**

*Legal Aid Society,* New York City (*Karen M. Kalikow* and *Steven Banks* of counsel), for appellant.

*Charles J. Hynes, District Attorney,* Brooklyn (*Anthea H. Bruffee* and *Leonard Joblove* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, without costs.

On August 2, 1991, defendant Joseph Windham was sentenced in accordance with a plea agreement to concurrent terms of imprisonment of 4 to 12 years for first-degree robbery and 1 to 3 years for first-degree sexual abuse. He was first released on parole on June 25, 1996, but was subsequently reincarcerated in 1997 for a parole violation.

In 2005, defendant appeared before Supreme Court for a sex offender risk level reassessment hearing pursuant to *Doe v Pataki* (3 F Supp 2d 456 [SD NY 1998]), at which the People successfully sought to have him adjudicated a level three (high risk) sex offender under the Sex Offender Registration Act (SORA) (Correction Law art 6-C). In his appeal to the Appellate Division, defendant argued for the first time that he was not subject to SORA because, although he was released on parole after SORA's effective date (Jan. 21, 1996), he finished serving the sex-offense portion of his concurrent sentence no later than August 2, 1994. In affirming the hearing court, the Appellate Division rejected this claim on the ground that it was unpreserved and, in any event, without merit.

We now affirm on the basis that defendant did not preserve his claim for appellate review; we express no view as to the merits. Although defendant looks for support to cases where we have held that a challenge to an unauthorized or illegal sentence falls within a narrow exception to the preservation rule (*see People v Samms*, 95 NY2d 52 [2000]), a SORA risk-level determination is not part of a defendant's sentence (*see People v Stevens*, 91 NY2d 270, 277 [1998]). Rather, it is a collateral consequence of a conviction for a sex offense designed not to punish, but rather to protect the public (*see Doe v Pataki*, 120 F3d 1263 [2d Cir 1997], *cert denied* 522 US 1122 [1998]). In sum, defendant was required to contest his SORA eligibility at the hearing court.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, without costs, in a memorandum.