■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY GONZALEZ, Appellant. [36 NYS3d 214]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 14, 2015, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

This proceeding was commenced after the appellant was convicted in federal court of the crime of sexual intercourse with a ward (18 USC § 2243 [b]). In a case summary and risk assessment instrument (hereinafter RAI) dated April 21, 2015,

completed by the Board of Examiners of Sex Offenders (hereinafter the Board) pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Board assessed the appellant a total of 110 points, which presumptively placed the appellant in a risk level three category. The appellant's contention, raised for the first time on appeal, that she should not be required to register as a sex offender pursuant to SORA on the ground that the federal crime of which she was convicted does not "include[ ] all of the essential elements" (Correction Law § 168-a [2] [d] [i]) that constitute the New York crime of rape in the third degree (Penal Law §§ 130.25 [1]; 130.05 [3] [e]), is not preserved for appellate review (*see e.g. People v Howard*, 27 NY3d 337, 342 [2016]; *People v Windham*, 10 NY3d 801, 802 [2008]), and we decline to reach it in the interest of justice.

The appellant's contention that she is entitled to a downward departure to risk level one also is without merit. "A defendant seeking a downward departure has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise adequately taken into account by the [SORA] Guidelines [Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006)]; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (*People v Roldan*, 111 AD3d 909, 910 [2013], quoting *People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]). Here, the SORA court providently exercised its discretion in concluding, based on the mitigating factors raised by the appellant, that a downward departure to a risk level two was appropriate, and that further departure to a risk level one was not warranted (*see e.g. People v Wyatt*, 89 AD3d at 131).

The appellant's remaining contention is without merit. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.