OPINION OF THE COURT
Barry Kron, J.
Defendant has moved, through new counsel, pursuant to Criminal Procedure Law § 440.10 to vacate his judgment of conviction on the ground that he. received the ineffective assistance of counsel. Defendant asserts that his attorney failed to advise him that his guilty plea would require him to provide a DNA sample (affirmation of Susan M. Silverman, Esq. at 2-3, 5). The People oppose defendant’s motion, contending that the court should not consider defendant’s motion because he knowingly, intelligently and voluntarily waived his right to file post-conviction motions (People’s mem of law at 1-7). The People also argue that defendant’s claim is barred by CPL 440.10 (2) (c) (People’s mem of law at 7-8).
In determining this motion, the court has considered the moving papers of the defendant, the response of the Assistant District Attorney, and the court records.
For the reasons stated herein, defendant’s motion is granted.
*574 Facts
On April 30, 2015, the defendant was indicted and charged with six counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). On July 25, 2016, he pleaded guilty to the lesser included offense of one count of criminal possession of a forged instrument in the third degree (Penal Law § 170.20), a class A misdemeanor, in full satisfaction of all of the charges contained in the indictment. The court imposed the promised sentence of a conditional discharge (minutes at 2-5; Kron, J. at plea and sentence).
A few minutes after defendant was sentenced and exited the courtroom, the case was recalled. Defendant asserted that he wanted his plea back because no one had explained to him that he would be required to provide a DNA sample as a result of pleading guilty. He stated that he would never have pleaded guilty if he had known beforehand that he was going to be required to provide a DNA sample (minutes at 11). Defendant’s attorney at plea, Mr. Alford, apologized to the court and stated that he had not informed defendant about the DNA sample requirement because he had not thought that it would be a decisive issue in pleading guilty. He cited to the advantageous plea offer of the reduction of a felony charge to a misdemeanor charge and a sentence of no jail time (minutes at 12). The court assigned a new attorney to represent defendant and submit a motion to withdraw the plea. The court stayed the taking of the DNA sample pending resolution of the motion (minutes at 15).
Decision
Defendant now moves to vacate the judgment of conviction. Defendant claims that he received the ineffective assistance of counsel because his attorney failed to inform him that he would be required to provide a DNA sample as a result of his plea (affirmation of Susan M. Silverman, Esq. at 2-3, 5). For the reasons that follow, defendant’s motion is granted.
Initially, defendant’s claim of ineffective assistance of counsel is without merit. In order to prevail, a defendant must first show that “ ‘counsel’s representation fell below an objective standard of reasonableness’ ” (People v Picea, 97 AD3d 170, 177 [2d Dept 2012], quoting Strickland v Washington, 466 US 668, 688 [1984]). In order to satisfy the second prong of the Strickland standard a defendant must show that defense counsel’s “deficient performance prejudiced the defense” (see Strickland, *575 466 US at 687-692). “[Defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial” (People v McDonald, 1 NY3d 109, 114 [2003], quoting Hill v Lockhart, 474 US 52, 59 [1985]). Defendant “must convince the court that a decision to reject the plea bargain would have been rational under the circumstances” (see Padilla v Kentucky, 559 US 356, 372 [2010]).
In New York, a defendant must show that he was not afforded “meaningful representation” (see People v Baldi, 54 NY2d 137, 147 [1981]). A two-pronged test must be met, “ ‘with the first prong identical to its federal counterpart’ ” (see People v Galan, 116 AD3d 787, 789 [2d Dept 2014], quoting People v Georgiou, 38 AD3d 155, 160-161 [2d Dept 2007]). The second prong focuses on the “ ‘fairness of the process as a whole rather than its particular impact on the outcome of the case’ ” (see People v Caban, 5 NY3d 143, 156 [2005], quoting People v Benevento, 91 NY2d 708, 714 [1998]). Counsel’s performance must be “viewed in totality and as of the time of the representation” (Baldi, 54 NY2d at 147).
Nonetheless, criminal courts are in no position to advise defendants of all of the ramifications of a guilty plea that are personal to each defendant. “Accordingly, the courts have drawn a distinction between consequences of which the defendant must be advised, those which are ‘direct,’ and those of which the defendant need not be advised, ‘collateral consequences’ ” (People v Ford, 86 NY2d 397, 403 [1995]). The Court of Appeals has defined a direct consequence as “one which has a definite, immediate and largely automatic effect on defendant’s punishment” (id.). The failure to warn a defendant of “collateral consequences will not warrant vacating a plea because they are peculiar to the individual and generally result from the actions taken by agencies the court does not control” (id.).
Examples of consequences that have been found to be collateral are: loss of the right to vote or travel abroad (Meaton v United States, 328 F2d 379 [1964]); loss of civil service employment (United States v Crowley, 529 F2d 1066 [1976], cert denied 425 US 995 [1976]); loss of a driver’s license (Moore v Hinton, 513 F2d 781 [1975]); an undesirable discharge from the armed services (Redwine v Zuckert, 317 F2d 336 [1963]); registering as a sex offender (People v Gravino, 14 NY3d 546 [2010]), and conditions of probation (People v Gravino). In contrast, direct consequences of a plea are essentially the core components of a *576 defendant’s sentence. These include a term of probation or imprisonment, a term of postrelease supervision, or a fine (People v Belliard, 20 NY3d 381 [2013]; People v Harnett, 16 NY3d 200 [2011]).
The Court of Appeals has provided guidance on how to determine whether a consequence is collateral. In People v Gravino (14 NY3d 546 [2010]), the Court held that the requirement to register as a sex offender was a collateral consequence. In coming to that conclusion, the Court discussed the Sex Offender Registration Act (SORA), Correction Law article 6-C, which imposes the registration requirement. The Court explained that SORA is not a penal statute and that the sex offender registration requirement is not a criminal sentence. SORA, the Court found, was a remedial statute intended to protect the public and prevent future crimes; it did not impose punishment for past crimes (People v Gravino, 14 NY3d at 556; see also People v Windham, 10 NY3d 801, 802 [2008]).
The statute that defendant is now addressing is Executive Law § 995-c (3). That statute provides that subsequent to conviction and sentencing for any specified crime,* an offender is required to provide a sample appropriate for DNA testing to be included in a state DNA identification index. There are several reasons to conclude that providing a DNA sample is a collateral consequence. Initially, the requirement to provide a DNA sample comes from the Executive Law, not a penal statute. Furthermore, providing a DNA sample is not a sentence, but rather, it is a means of identification (see Maryland v King, 569 US —, 133 S Ct 1958 [2013] [the taking and analyzing of cheek swab of arrestee’s DNA held to be like fingerprinting and photographing, no more than an extension of methods of identification long used in dealing with persons under arrest]). Thus, the purpose of taking a DNA sample is not to impose punishment, but to “determine identification characteristics specific to such person and to be included in a *577 state DNA identification index” (Executive Law § 995-c [3] [a]). Accordingly, the requirement imposed by Executive Law § 995-c (3), that a defendant provide a DNA sample after conviction, is a collateral consequence of a conviction.
Defendant has failed to establish that counsel’s representation fell below an objective standard of reasonableness. This court, having reviewed the file and the parties’ submissions, is satisfied that counsel’s performance met both the federal and state standards of meaningful representation. Under the circumstances in this case, counsel was under no obligation to inform defendant that he would be required to provide a DNA sample. There is no indication in the record or in any of the submissions presented by either party that counsel had reason to have known that providing a DNA sample was a determinative consequence to defendant. Counsel informed the court that he had not informed defendant of the DNA requirement and explained that he had not realized it would be an important consideration to defendant in light of the advantageous plea he had secured for his client. This assertion is uncontroverted. Counsel secured an advantageous plea for defendant that resulted in a misdemeanor conviction and no jail time, and nothing in the record indicates a problem with counsel’s performance. Therefore, counsel was not required to inform defendant of this collateral consequence. Accordingly, defendant’s claim of ineffective assistance of counsel is denied on the merits.
Nevertheless, even when a defendant’s attorney fails to inform him of a collateral consequence, the defendant may be able to get his plea back if he can establish that his plea was not made knowingly, intelligently or voluntarily. The burden is upon the defendant to establish that the information that was withheld from him, albeit collateral, “was of such great importance to him that he would have made a different decision had that consequence been disclosed” (People v Gravino, 14 NY3d at 559). Of course, such a situation is rare because the main consideration with a plea bargain is usually whether the defendant “will be imprisoned and for how long” (id.). Courts, however, have recognized that certain consequences of a conviction, although not strictly direct, may be significant enough to a particular individual defendant to establish that he would not have pleaded guilty if he had known of them (see Padilla v Kentucky, 559 US at 360). The Court of Appeals has noted that there may be occasional situations where “a defend *578 ant, moving to withdraw his plea promptly after disclosure of the facts in question, can convincingly show that the newly discovered information, if known at the time of the plea, would have caused a change of heart” (People v Gravino, 14 NY3d at 559).
Here, the record leads the court to conclude that defendant would not have pleaded guilty and would have exercised his right to a jury trial if he had known that his plea would require him to provide a DNA sample. Within minutes of pleading guilty and being sentenced, defendant learned that he was required to provide a DNA sample. Defendant immediately asked to get his plea back and explained that he did not want to provide a DNA sample. Defendant stated on the record that he preferred instead to go to trial, rather than to provide a DNA sample. His attorney confirmed that he had not informed defendant of the DNA requirement and explained that he had not realized it would be an important consideration in light of the advantageous plea he had secured for his client. This court thoroughly explained to defendant the consequences of getting his plea back, explaining to defendant that he had been charged with a class D felony, which could result in a worst-case scenario of a sentence of a prison term of 21/⅛ to 7 years, but instead, defendant had pleaded guilty to a misdemeanor with no jail time and no community service requirement (minutes at 10). Defendant was adamant that he had not known about the requirement that he provide a DNA sample before he pleaded guilty and that if he had known about it, he would not have pleaded guilty (minutes at 11, 12, 14).
Unlike many cases where a substantial period after the conviction, the defendant raises a claim that he would not have pleaded guilty if he had known of a specific consequence, defendant here spoke out immediately upon learning about the requirement that he provide a DNA sample. His prompt complaint coupled with his insistence that he would prefer to go to trial and face a felony conviction and a term of imprisonment, rather than provide a DNA sample, establishes that this consequence “was of such great importance to him that he would have made a different decision had that consequence been disclosed” (People v Gravino, 14 NY3d at 559). Based upon the foregoing, this court concludes that defendant’s plea was not made knowingly, voluntarily or intelligently.
The motion is hereby granted.

 A designated offender is required to provide a DNA sample after the conviction of any crime designated in Executive Law § 995 (7). That section defines a designated offender as
“a person convicted of any felony defined in any chapter of the laws of the state or any misdemeanor defined in the penal law except that where the person is convicted under section 221.10 of the penal law, only a person convicted under subdivision two of such section, or a person convicted under subdivision one of such section who stands previously convicted of any crime as defined in subdivision six of section 10.00 of the penal law.”