People v Briscoe (2019 NY Slip Op 04061)





People v Briscoe


2019 NY Slip Op 04061


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

523192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT BRISCOE, Appellant.

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Adam G. Parisi, Schenectady, for appellant.
James R. Farrell, District Attorney, Monticello (Brian P. Conaty of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered February 26, 2018, which classified defendant as a risk level three sex offender and designated him as a sexual predator pursuant to the Sex Offender Registration Act.
In 2012, defendant pleaded guilty to, among other things, two counts of rape in the third degree pursuant to Penal Law
§ 130.25 and was sentenced to concurrent prison terms. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level three sex offender (120 points) under the Sex Offender Registration Act (see Correction Law art 6—C). Following a hearing at which defendant chose not to appear, County Court classified defendant as a risk level three sex offender and designated him as a sexual predator. Defendant now appeals.
Defendant challenges the assessment of 15 points for history of drug or alcohol abuse under risk factor 11. Defendant, having waived his appearance, did not raise this specific contention at the Sex Offender Registration Act hearing and, therefore, it is unpreserved (see People v Windham, 10 NY3d 801, 802 [2008]; People v Pace, 121 AD3d 1315, 1316 [2014], lvs denied 24 NY3d 914 [2015]). In any event, we would find that the 15 points were appropriately assessed under risk factor 11 given the evidence in the case summary and the presentence report reflecting that defendant admitted in 2006 that he had both an alcohol and drug abuse problem, and had attended inpatient and outpatient treatment in 2005 and 2006 (see People v Liddle, 159 AD3d 1286, 1286-1287 [2018], lv denied 32 NY3d 905 [2018]; People v Irizarry, 98 AD3d 1193, 1193 [2012], lv denied 20 NY3d 853 [2012]).
Defendant also challenges his designation as a sexual predator. As the People concede, County Court erred in designating defendant a sexual predator because defendant's conviction [*2]does not meet the statutory criteria for such designation (see Correction Law § 168—a [7]). Accordingly, we modify the order by deleting the provision thereof that designated defendant as a sexual predator.
Lynch, J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by deleting the provision thereof designating defendant as a sexual predator, and, as so modified, affirmed.