People v Harris (2019 NY Slip Op 04737)





People v Harris


2019 NY Slip Op 04737


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-06807

[*1]People of State of New York, respondent,
v
Krystal Harris, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated April 12, 2016, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points. The court granted the defendant's application to downwardly depart from her presumptive risk level three designation, and designated her a level two sex offender. The defendant appeals.
The defendant's contention that the Supreme Court should have further downwardly departed from her presumptive risk level three designation to risk level one is unpreserved for appellate review and, in any event, without merit. At the SORA hearing, the court stated, in part, "[m]y examination of the court file indicates that the Board of Examiners [of Sex Offenders] has presumptively assessed 110 points requiring the defendant - - recommending that the defendant register as a level 3 sex offender as a sexually violent offender and that the defense is seeking for a downward departure to level 2." Next, the court asked, "[h]ave I stated the record correctly[,]" and the defendant's attorney answered, "[t]hat's correct." Following the hearing, the court announced, in part, "I also find by a preponderance of the evidence the defense has met their burden and that a downward departure is justified in this case. She'll be required to register as a level two sex offender." The defendant's attorney thanked the court but raised no protest or objection. Under these circumstances, the defendant's contention that the court should have further downwardly departed is unpreserved for appellate review (see CPL 470.05[2]; see also People v Windham, 10 NY3d 801, 802). In any event, further departure to a risk level one was not warranted (see People v Gonzalez, 142 AD3d 541, 542).
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court