People v Lucero (2020 NY Slip Op 06821)





People v Lucero


2020 NY Slip Op 06821


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-02139

[*1]People of State of New York, respondent, 
v
Jose Lucero, appellant. Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated January 17, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2006, the defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree. Thereafter, he was sentenced to a term of imprisonment of 15 years, to be followed by a period of postrelease supervision of 5 years. He was scheduled for conditional release in February 2019. Prior to a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument (hereinafter RAI) in which it assessed 25 points under risk factor 2 (sexual contact with victim), 30 points under risk factor 5 (age of victim), and 15 points under risk factor 11 (history of drug or alcohol abuse). This scoring resulted in a total risk factor score of 70 and a presumptive level one designation.
Thereafter, the People notified the defendant that they would be requesting a level two designation. In a separate RAI, in addition to assessing the same points as did the Board in its RAI, the People assessed an additional 15 points under risk factor 14 (release without supervision), resulting in a total risk factor score of 85 and a presumptive level two designation. After the SORA hearing, the County Court assessed 85 points and, in an order dated January 17, 2019, designated the defendant a level two sex offender. The defendant appeals.
The defendant's contentions, raised for the first time on appeal, that the People's notice was untimely pursuant to Correction Law § 168-n(3) and that the County Court erroneously assessed points under risk factor 14, are not preserved for appellate review because he failed to raise those contentions at the SORA hearing (see People v Gillotti, 23 NY3d 841, 854; People v Windham, 10 NY3d 801; People v Charache, 9 NY3d 829; People v Gonzalez, 142 AD3d 541), and we decline to reach them in the interest of justice.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court