People v Booker (2025 NY Slip Op 04110)

People v Booker

2025 NY Slip Op 04110

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-11342

[*1]The People of the State of New York, respondent, 
v
Wayne Booker, appellant.

Patricia Pazner, New York, NY (Zachory Nowosadzki of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and MyeongHwan Cha of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Michael B. Aloise, J.), dated November 15, 2023, which, after a hearing, denied his petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1990, the defendant was convicted of 19 sex crimes, including rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and attempted rape in the first degree, for conduct involving eight female victims. In 2014, the defendant was designated a level three sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C). The defendant was released from prison to parole supervision in 2017 and thereafter concluded parole supervision in August 2022. Approximately one year later, in July 2023, the defendant filed a petition pursuant to Correction Law § 168-o(2) for a downward modification of his risk level classification from level three to level one. Following a hearing, the Supreme Court denied the defendant's petition. The defendant appeals.
"The objective of SORA is to evaluate a particular sex offender's risk of reoffense once he or she is released back into the community so that appropriate supervision and notification can be achieved" (People v Davis, 179 AD3d 183, 186). "SORA is 'designed not to punish, but rather to protect the public'" (id., quoting People v Windham, 10 NY3d 801, 802). "'Correction Law § 168-o(2) permits a sex offender required to register under SORA to petition annually for modification of his [or her] risk level classification'" (People v Holley, 231 AD3d 1064, 1065, quoting People v Lashway, 25 NY3d 478, 483; see People v Lamar, 235 AD3d 668, 669; People v Wiggins, 180 AD3d 820, 821). "In such circumstance, '[t]he sex offender shall bear the burden of proving the facts supporting the requested modification by clear and convincing evidence'" (People v Davis, 179 AD3d at 187, quoting Correction Law § 168-o[2]; see People v Lamar, 235 AD3d at 669; People v Springs, 162 AD3d 917). "'[T]he relevant inquiry regarding Correction Law § 168-o(2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof'" (People v Holley, 231 AD3d at 1065, quoting People v Davis, 179 AD3d at 187).
Here, the defendant failed to establish, by clear and convincing evidence, facts [*2]warranting a modification of his risk level classification (see id.). The defendant has made great strides toward rehabilitation since his convictions of the underlying offenses in 1990 and has a strong support system of family and colleagues. However, in light of the egregious nature of the underlying offenses, together with the fact that the defendant had been released from parole supervision for only one year prior to filing the petition for modification, the defendant has not established that conditions have significantly changed since his initial SORA determination to such an extent that a modification of his risk level is warranted (see id.; People v Johns, 199 AD3d 529; People v Springs, 162 AD3d 917; cf. People v Davis, 179 AD3d 183).
Accordingly, the Supreme Court properly denied the defendant's petition.
DILLON, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court