■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CRAIG R. NEISH, Respondent. [722 NYS2d 815] —Rose, J. Appeal from an order of the County Court of Broome County (Smith, J.), rendered April 13, 2000, which classified defendant as a risk level I sex offender pursuant to the Sex Offender Registration Act.

In December 1999, defendant was convicted on his plea of guilty to one count of sexual abuse in the first degree arising out of sexual contact with his five-year-old daughter, and he was subsequently sentenced to a six-month jail term and five years of probation. In April 2000, a risk assessment hearing was held pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]). At the hearing, the prosecution requested an opportunity to be heard in order to argue that defendant should be assessed a level II risk for a repeat sex offense. County Court permitted the prosecution to place its position on the record but then denied its request and determined defendant to be risk level I sex offender. The prosecution appeals.

While we agree with the prosecution's contention that SORA was amended prior to defendant's risk assessment hearing to, *inter alia,* afford the District Attorney the right to be heard in determining the risk level to be assigned (*see*, L 1999, ch 453, § 6 [eff Jan. 1, 2000]), we hold nevertheless that County Court did not err by denying the request or by assessing defendant as a risk level I. Rather, we are persuaded that the prosecution's right to be heard was waived by its failure to provide the court and defendant with prior notice of the assessment sought, and that County Court's determination of defendant's risk level has a substantial basis in the record.

As amended, SORA imposes on the prosecution the burden of proving the basis for a requested assessment by clear and convincing evidence. More to the point, it requires that the offender be afforded a prior written statement of the assessment sought by the prosecution and the reasons for seeking it (*see*, Correction Law § 168-d [3]). Without such notice, the offender's opportunity to be heard in response, which SORA expressly recognizes, cannot be a meaningful one (*see, e.g., Mathews v Eldridge,* 424 US 319, 348-349). As this due process prerequisite was not satisfied here, the prosecution's request was properly denied. Moreover, the record shows that the prosecution requested to be heard not in order to present relevant evidence, but only to argue that defendant's failure to accept

responsibility for his crime was demonstrated by evidence already before County Court. County Court heard this contention by permitting a recitation of the aggravating circumstances supporting the prosecution's recommendation of a level II assessment. We conclude that County Court's finding as to defendant's acceptance of responsibility for his offense is supported by his full allocution to the crime charged and the terms of the negotiated plea agreement.

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.