■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST J. MACNEIL, Appellant. [727 NYS2d 485] —Cardona, P. J. Appeal from an order of the County Court of Broome County (Smith, J.), rendered August 18, 2000, which classified defendant as a risk level I sex offender pursuant to the Sex Offender Registration Act.

Upon defendant's plea of guilty to sexual abuse in the first degree involving sexual contact with a four-year-old child, he was sentenced to a six-month jail term and five years of probation. Pursuant to the Sex Offender Registration Act (Correction

Law art 6-C [hereinafter SORA]), County Court conducted a hearing on August 18, 2000* to determine the appropriate risk level classification for defendant (*see*, Correction Law § 168-d). The day before the hearing, the prosecutor submitted a letter, pursuant to Correction Law § 168-d (3), setting forth the People's request for a risk level II classification. The People maintained that defendant should be assessed additional points for failing to accept responsibility for his crime and also recommended an upward departure from the presumptive risk level I classification due to defendant's 1996 adjudication as a juvenile delinquent for endangering the welfare of a child. At the hearing, the court allowed the People an opportunity to be heard; however, it classified defendant as a risk level I sex offender.

The People appeal and we affirm. Correction Law § 168-d (3) states as follows: "At least fifteen days prior to the determination proceeding, the district attorney shall provide to the court and the sex offender a written statement setting forth the duration of registration and level of notification sought by the district attorney together with the reasons for seeking such determinations." The People bear the burden of proving the facts supporting the requested classification "by clear and convincing evidence" (*id.*). Here, defendant correctly points out that the People did not comply with SORA since the requisite notice was provided one day before the hearing. While the People assert that the abbreviated notice is excusable because defendant did not object at the hearing, we find no evidence of a knowing and intelligent waiver of this due process right by defendant. Instead, we find that "the prosecution's right to be heard was waived by its failure to provide the court and defendant with [sufficient] prior notice of the assessment sought" (*People v Neish*, 281 AD2d 817). Given the express statutory language, one day's notice was insufficient to provide defendant with a meaningful opportunity to respond (*see*, *id.*). We further find, under the particular circumstances herein, that County Court's scheduling of the hearing did not prevent the People from providing the required notice.

In any event, even assuming arguendo that the People's contentions were not waived, we conclude that County Court's determination of defendant's risk level has a substantial basis in the record (*see*, *id.*). It is clear from the risk assessment form prepared by County Court that the court considered defendant's adjudication as a juvenile delinquent. Although

---

* The hearing had originally been scheduled for June 27, 2000, however, defendant failed to appear and a warrant was issued for his arrest.

the People maintain that defendant should have been assessed additional points for committing a prior sex crime, County Court did not abuse its discretion in treating the prior adjudication solely as endangering the welfare of a child which is not a sex offense within the meaning of SORA (*see,* Correction Law § 168-a [2]). County Court also considered defendant's acceptance of responsibility for his conduct and concluded that, despite defendant's initial equivocal statement to the police, his plea constituted "[s]tep one" (*see, People v Neish, supra*). Therefore, we find no basis in this record to disturb the court's determination denying the request for an enhanced risk level classification.

Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.