■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR DAVILA, Appellant. [750 NYS2d 196] —Rose, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), rendered December 29, 2000, which classified defendant as a risk level III sexual offender pursuant to the Sex Offender Registration Act.

Defendant was incarcerated following his conviction of various sex-related crimes, including rape in the second degree, resulting from his inappropriate contact with a 13-year-old girl. Prior to his release from prison, the Board of Examiners of Sexual Offenders (hereinafter Board) undertook an assessment of defendant and recommended that he be classified a risk level II sexual offender under the Sexual Offender Registration Act (*see* Correction Law art 6-C). In proceedings before County Court, the District Attorney requested that the court deviate from the risk assessment level recommended by the Board and classify defendant as a risk level III sexual offender. Based upon the violent nature of defendant's crimes, the court granted the District Attorney's request and found defendant to be a risk level III sexual offender. This appeal ensued.

Defendant contends, inter alia, that the prosecution did not comply with the notice provisions of Correction Law § 168-d (3) prior to advising County Court that it was seeking a departure from the risk assessment level recommended by the Board and, therefore, the enhanced classification imposed by the court should be invalidated. We agree. Correction Law § 168-d (3) requires the prosecution to file with the court a written statement of the risk level assessment sought to be imposed upon a defendant 15 days prior to a determination on the risk level classification. Here, no such written statement was filed and the record discloses that the District Attorney's request for a risk level III assessment was first made at the hearing on the matter which resulted in the court's final determination. Thus, defendant was deprived of a meaningful opportunity to be heard on the issue (*see People v MacNeil*, 283 AD2d 835, 836; *People v Neish*, 281 AD2d 817, 817). The fact that defendant did not object at the hearing does not, on this record, indicate that he knowingly and intelligently waived this due process right (*see People v MacNeil, supra* at 836). Accordingly, we find

that County Court erred in granting the District Attorney's request to classify defendant as a risk level III sexual offender. In light of our disposition, we need not address defendant's remaining claims.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.