■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS MOON, Appellant. [771 NYS2d 223]—

Rose, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered June 28, 2002, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 1994 upon his plea of guilty of the crime of sodomy in the first degree resulting from his sexual contact, including two acts of oral intercourse and one act of anal intercourse, with a three-year-old boy. At least one of these acts was witnessed by the victim's six-year-old brother. In preparation for his release on parole in August 2002, defendant was evaluated by the Board of Examiners of Sex Offenders (hereinafter Board) to determine his risk level classification pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Having scored 100 points on the risk assessment index, he was presumptively classified as a risk level II sex offender. Given the circumstances presented by defendant's case history, however, the Board recommended that his risk designation be raised to level III. After considering the case summary submitted by the Board containing the details of defendant's prior criminal and psychological history and following a determination proceeding, County Court increased defendant's risk level assessment score to 110 points and accepted the Board's recommendation that defendant be designated a risk level III sex offender.

Defendant appeals, contending that he failed to receive adequate notice of the Board's intention to seek an upward departure from the presumptive risk level, in violation of Correction Law § 168-d (3). This assertion is not supported by the

601

record, which discloses that defendant was first placed on notice of the Board's intention to seek a level III designation in the "departure" section of the form submitted by the Board to County Court on or about May 22, 2002, over a month before the determinative hearing held June 28, 2002, giving defendant considerably more than the 15 days' notice required by statute.

We find, in addition, that County Court properly exercised its discretion by elevating defendant's score by 10 points, increasing his sex offender risk status to level III (*see People v Roland*, 292 AD2d 271, 272 [2002], *lv denied* 98 NY2d 614 [2002]). Given the three-year-old victim's complaint of pain and obvious "physical helplessness" against the sexual assault of an adult male, together with the undisputed facts contained in defendant's case summary demonstrating that defendant has a lengthy history of mental health issues and emotional problems, the record provides sufficient evidentiary support for the enhancement of his risk classification to level III (*see People v Dorato*, 291 AD2d 580 [2002]). The remaining arguments raised by defendant have been examined and found to be without merit.

Spain, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.