[873 NE2d 267, 841 NYS2d 223]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE J. CHARACHE, Appellant.

Argued June 5, 2007; decided June 27, 2007

## APPEARANCES OF COUNSEL

*Gary A. Horton, Public Defender*, Batavia (*Bridget L. Field* of counsel), for appellant.

*Lawrence Friedman, District Attorney*, Batavia (*William G. Zickl* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, without costs.

Following a jury trial, defendant was convicted of one count each of first degree unlawful dealing with a child, first degree sexual abuse and endangering the welfare of a child. In anticipation of his release from prison, the Board of Examiners of Sex Offenders (Board) filed a Risk Assessment Instrument (RAI) that assessed defendant 125 points—a presumptive level three sex offender classification. The Board, however, recommended a downward departure to a level two because defendant completed high school and had no prior criminal history.

County Court agreed with defendant's sole challenge to the RAI scoring—that 10 points should be deducted under category IV (release environment) because he was to be released with supervision. Thereafter, the People opposed the Board's downward departure recommendation. The court agreed with the People's conclusion that the Board's rationale for departure had "little or no import" on defendant's actual risk as reflected in the RAI. Thus, the court adhered to a level three classification based on the adjusted 115 points.

On appeal, defendant argued, for the first time, that the People failed to provide him with the statutory 10-day notice of their intent to seek a risk level classification different from the Board's recommendation (*see* Correction Law § 168-n [3]). We agree with the Appellate Division, however, that defendant failed to preserve this contention for review, contrary to the holdings of *People v Davila* (299 AD2d 573 [3d Dept 2002]) and *People v MacNeil* (283 AD2d 835 [3d Dept 2001]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, without costs, in a memorandum.