■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. WARREN, Appellant. [840 NYS2d 176]—

Spain, J. Appeal from an order of the Supreme Court (Demarest, J.), entered May 9, 2006 in St. Lawrence County, which classified defendant a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in 1998 to sexual abuse in the first degree in satisfaction of an indictment which also charged rape in the first degree, sexual abuse in the third degree and assault in the third degree. Upon completion of his four-year sentence, defendant registered in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). The Board of Examiners of Sex Offenders completed a risk assessment instrument (hereinafter RAI), calculating a score of 105 points indicating a risk level II classification. The Board recommended an upward departure to level III based, in part, on its finding that defendant had established a pattern of assaultive behavior toward vulnerable individuals. After several hearings, Supreme Court issued a detailed written decision concluding, based upon its own evaluation of each of the risk factors in the RAI, that defendant's total risk factor score was 110 points, and designated him as a risk level III offender. Defendant appeals.

Initially, defendant raises a claim of procedural due process deprivation. SORA states that at least 15 days prior to the risk

level determination proceeding, the offender and court must be given written notice of the assessment sought by the prosecution and the reasons for seeking such determination (*see* Correction Law § 168-d [3]; *People v Davila*, 299 AD2d 573, 573 [2002]; *People v Neish*, 281 AD2d 817, 817 [2001]). Here, the People admittedly failed to provide defendant with notice of their recommendation prior to the March 10, 2006 hearing at which they also recommended that defendant be classified as a risk level III offender, although assigning him a higher risk factor score on the RAI than did the Board. Defendant contends that the People thereby waived their right to be heard and their evidence should not have been considered. We disagree. Defendant's receipt of the required documents on March 10, 2006 and Supreme Court's adjournment of the hearing until April 5, 2006—at which defendant and counsel were given and pursued an ample and meaningful opportunity to respond to all aspects of the People's and the Board's risk level assessments—adequately protected defendant's due process rights (*see People v Jordan*, 31 AD3d 1196 [2006], *lv denied* 7 NY3d 714 [2006]; *see generally People v David W.*, 95 NY2d 130 [2000]; *cf. People v Farchione*, 27 AD3d 1166 [2006]; *People v Davila, supra* at 573; *People v MacNeil*, 283 AD2d 835, 836 [2001]; *People v Neish, supra* at 817).

We next address defendant's challenge to his risk level assessment. It is, of course, the People's burden to establish the proper risk level classification by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]). The court may consider reliable hearsay evidence including the RAI, the case summary and the presentence investigation report (*see People v Cruz*, 28 AD3d 819, 819 [2006]; *People v Dort*, 18 AD3d 23, 24-25 [2005], *lv denied* 4 NY3d 885 [2005]). In this case, the record provides clear and convincing evidence to support the risk level III classification. Supreme Court's assessment of 15 points for alcohol abuse is supported by evidence of defendant's long history of alcohol-related offenses and by the identification of this problem in the psychological assessments submitted to the court (*see People v Vaughn*, 26 AD3d 776, 777 [2006]). While defendant has received treatment, his recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision (*see People v Barnes*, 6 Misc 3d 469, 477 [2004]).

We also find no error in Supreme Court's assessment of 10 points for defendant's attempted escape and assault on a correction officer while confined to jail in 1998. These actions, which

occurred prior to the entry of defendant's guilty plea which satisfied any additional related charges, clearly constitute conduct while in custody and were properly considered as "postoffense behavior" under part III, No. 13 of the RAI (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6, 16 [Nov. 1997]). Contrary to defendant's contentions, this factor is not limited—by statute, guidelines, case law or common sense—to post*sentencing* behavior; rather, it may include any post*offense* conduct while in custody or under supervision, whether charges are pending or have been disposed of.

Finally, while Supreme Court is empowered to downwardly depart from the presumptive risk level based upon the facts in the record (*see People v Guaman,* 8 AD3d 545 [2004]; *see also People v Mothersell,* 26 AD3d 620, 621 [2006]), the question of whether any mitigating factors exist to warrant such a reduction is within the sound discretion of the court to decide (*see People v McCormick,* 21 AD3d 1221, 1222 [2005]). On this record, we do not find that the court abused its discretion in denying defendant's request for a downward departure from the presumptive risk level.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.