■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. KRAEGER, Appellant. [839 NYS2d 879]—

Appeal from an order of the Jefferson County Court (Kim H. Martusewicz, J.), entered December 16, 2004. The appeal was held by this Court by order entered March 17, 2006, decision was reserved and the matter was remitted to Jefferson County Court for further proceedings (27 AD3d 1160 [2006]). The proceedings were held and completed.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We reject defendant's contention that risk factor 9 on the risk assessment instrument, "Number and Nature of Prior Crimes," is ambiguous and that County Court therefore erred in assessing 30 points against defendant under that factor (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Nov. 1997]). Defendant previously was convicted of sexual abuse in the third degree, a class B misdemeanor (*see* Penal Law § 130.55), and a "misdemeanor sex crime" is one of the categories of offenses listed in risk factor 9 (*see generally People v Wroten*, 286 AD2d 189, 191 [2001], *lv denied* 97 NY2d 610 [2002]). The fact that defendant was convicted of that crime several years before the conviction that was the subject of the SORA hearing does not render risk factor nine inapplicable inasmuch as the recency of defendant's prior sex crime is addressed in risk factor 10 (*see generally People v Miranda*, 24 AD3d 909, 911-912 [2005]). Defendant further contends that the assessment of 30 points for risk factor nine is improper because the crimes included in that factor are not necessarily crimes of violence or crimes involving a vulnerable victim, as is the case for the other 30-point risk factors in the risk assessment instrument. We reject that contention. The risk assessment guidelines expressly provide that a defendant's "prior criminal history is significantly related to his likelihood of sexual recidivism, particularly when his past includes . . . sex offenses," thus justifying a higher assessment regardless of whether the prior sex offense was a crime of violence (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [Nov. 1997]). Finally, we conclude that the court afforded defendant an adequate opportunity to present his contentions in opposition to the level three risk assessment (*see generally People v Davila*, 299 AD2d 573 [2002]). Present—Scudder, P.J., Gorski, Martoche and Green, JJ.