THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SMOLEN, Also Known as SAMUEL J. SMOLEN, Appellant. [849 NYS2d 589]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered June 20, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contentions, the County Court's determination to designate him a level three sex offender is supported by clear and convincing evidence based on the facts contained in the presentence investigation reports, the case summary, and the risk assessment instrument of the Board of Examiners of Sex Offenders (*see* Correction Law § 168-n; *People v Yarborough*, 43 AD3d 1129, 1129-1130 [2007], *lv denied* 9 NY3d 816 [2007]; *People v Grimmett*, 29 AD3d 766, 767 [2006]; *People v Overman*, 7 AD3d 596, 596-597 [2004]).

The defendant was not deprived of his right to counsel at the Sex Offender Registration Act hearing. The defendant had counsel appointed to represent him by the County Court, and his attorney represented him throughout these proceedings. The defendant declined to attend these proceedings, and he

refused to speak to his attorney when a telephone call between the defendant and his attorney was arranged. Although the court did deny the defendant's application for an order requiring corrections officials to arrange for him to speak to his attorney on a telephone not subject to monitoring by corrections officials, under the circumstances of this case, this did not deprive the defendant of his right to counsel (*see generally Matter of Flowers v Sullivan*, 149 AD2d 287, 296 [1989]; *Cooper v Lombard*, 64 AD2d 130, 134 [1978], *mod* 49 NY2d 69).

The defendant's remaining contentions are academic, without merit, or not properly before us (*see People v Charache*, 9 NY3d 829, 830 [2007]). Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.