*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                    519183
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

WAYNE D. BENSON,
                    Appellant.
_____

Calendar Date:   September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Sandra M. Colatosti, Albany, for appellant, and appellant
pro se.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the County Court of Albany County
(Herrick, J.), entered March 11, 2015, which classified defendant
as a risk level III sex offender and a sexually violent offender
pursuant to the Sex Offender Registration Act.

        Following a jury trial, defendant was convicted of numerous
sex crimes against two women, including rape in the first degree,
sodomy in the first degree, rape in the third degree (two
counts), sodomy in the third degree (three counts) and promoting
prostitution in the second degree (two counts) (People v Benson,
260 AD2d 864 [1999], lvs denied 93 NY2d 966, 977 [1999]).  In
anticipation of his release from prison, the Board of Examiners
of Sex Offenders presumptively classified him as a risk level III

sex offender, recommending a total of 140 points on the risk assessment instrument.  Following a hearing, County Court assigned 170 points on the risk assessment instrument and classified defendant as a risk level III sex offender and a sexually violent offender.  Defendant now appeals.[1]

Defendant challenges the assessment of 15 points under risk factor 11 for drug or alcohol abuse, points which are appropriately assessed where "an offender has a substance abuse history or was abusing drugs and[/]or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Palmer, 20 NY3d 373, 377-378 [2013]).  Defendant does not dispute that he was a habitual marihuana user prior to his incarceration and, contrary to his argument, the fact that he successfully completed substance abuse treatment "while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (People v Warren, 42 AD3d 593, 594 [2007], lv denied 9 NY3d 810 [2007]; see People v Parker, 62 AD3d 1195, 1196 [2009], lv denied 13 NY3d 704 [2009]).

Nor are we persuaded that County Court erred in imposing 10 points under risk factor 12 for defendant's failure to accept responsibility for his conduct.  In his probation interview, defendant asserted that the "charges were false" and the victims "had lied" and, at the hearing, while defendant initially stated that he had accepted responsibility, he thereafter challenged the trial evidence and argued that "there [are] always two sides to a story."  Under these circumstances, notwithstanding defendant's satisfactory completion of a sex offender program while in prison, the record supports the court's "finding that defendant failed to genuinely accept responsibility for his actions" (People v Lerch, 66 AD3d 1088, 1088 [2009], lv denied 13 NY3d 715

_____

[1]  Defendant's notice of appeal was filed prematurely on May 2, 2014, prior to the March 11, 2015 entry of the order on appeal.  In the interest of justice, we will exercise our discretion and treat the notice of appeal as valid (see Correction Law § 168-n [3]; CPLR 5520 [c]; People v Barrier, 58 AD3d 1086, 1087 n [2009], lvs denied 12 NY3d 707 [2009]).

[2010]; see People v Tubbs, 124 AD3d 1094, 1095 [2015]; People v Dubuque, 35 AD3d 1011, 1011 [2006]).

Defendant's challenge to the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with the victim) were not raised at the hearing, even when County Court indicated its intent to assign points under those categories. Thus, these claims are not preserved for our review (see People v Gillotti, 23 NY3d 841, 861 n 5 [2014]; People v Windham, 10 NY3d 801, 802 [2008]; People v Gallagher, 129 AD3d 1252, 1254 [2015]) and, even were we to credit the challenges to the assessment of 40 points for these risk factors, defendant would remain a presumptive risk level III sex offender.

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court