*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    May 5, 2016                      518942
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                   MEMORANDUM AND ORDER

JAMEL M. RIDDICK,
                        Appellant.
_____

Calendar Date:   March 23, 2016

Before:   Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

                        _____

        Benjamin K. Bergman, Binghamton, for appellant.

        Gwen P. Wilkinson, District Attorney, Ithaca (Wendy L.
Franklin of counsel), for respondent.

                        _____

Aarons, J.

        Appeal from an order of the County Court of Tompkins County
(Cassidy, J.), entered March 21, 2014, which classified defendant
as a risk level II sex offender pursuant to the Sex Offender
Registration Act.

        Defendant pleaded guilty to rape in the third degree based
upon his admission to having sexual intercourse with a 15-year-
old girl when he was 28 years old.  He was sentenced to a 2½-year
prison term, as a second felony offender, with five years of
postrelease supervision.  In anticipation of his release, the
Board of Examiners of Sex Offenders prepared a risk assessment
instrument that presumptively classified defendant as a risk
level II sex offender (105 points) and recommended against a
departure.  The People adopted this recommendation.  Following a

Sex Offender Registration Act (see Correction Law art 6-C
[hereinafter SORA]) hearing, County Court denied defendant's
request for a downward departure and classified him as a risk
level II sex offender, and defendant now appeals.

We affirm. Defendant challenges the assignment of points
for continuing course of sexual misconduct under risk factor 4
and for history of drug abuse under risk factor 11. As relevant
here, 20 points may be assigned under factor 4 when an offender
"engages in . . . two or more acts of sexual contact, at least
one of which is an act of sexual intercourse . . . which acts are
separated in time by at least 24 hours" (Sex Offender
Registration Act: Risk Assessment Guidelines and Commentary, at
10 [2006]). Defendant concedes that the evidence established
that he had sexual intercourse with the victim on two occasions,
but argues that it failed to establish that the crimes were
separated by the requisite 24-hour period of time. However,
although the Board assessed 20 points under this risk factor in
the risk assessment instrument, which the People adopted,
defendant did not raise this specific contention in his written
papers requesting a downward departure in his presumptive risk
level or at the SORA hearing, and County Court did not address
it. Consequently, the issue is unpreserved (see People v
Windham, 10 NY3d 801, 802 [2008]; see also People v Gillotti, 23
NY3d 841, 861 n 5 [2014]; People v Snyder, 133 AD3d 1052, 1052
[2015], lv denied 27 NY3d 902 [2016]; People v Benson, 132 AD3d
1030, 1032 [2015], lv denied 26 NY3d 913 [2015]).

With regard to the assignment of 15 points for history of
drug abuse, the evidence in the case summary and presentence
investigation report reflect defendant's admission that he used
marihuana on a weekly basis when not incarcerated (see Correction
Law § 168-n [3]; People v Warren, 42 AD3d 593, 594 [2007], lv
denied 9 NY3d 810 [2007]). Defendant maintains that this was an
insufficient use to constitute drug abuse within the meaning of
the SORA guidelines (see generally People v Palmer, 20 NY3d 373,
378-379 [2013]). Even if we were to find in defendant's favor on
this issue, he would remain a presumptive risk level II sex
offender. As such, we decline to disturb the determination.

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court