■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS COLON, Appellant. [43 NYS3d 921]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), dated August 31, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing an offender's appropriate risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]). Here, the County Court properly designated the defendant a level three sex offender based on the assessment of 175 points under the risk assessment instrument of the SORA Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]).

Contrary to the defendant's contention, the County Court properly assessed 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victim) (*see People v Gillotti*, 23 NY3d 841 [2014]; *People v Johnson*, 11 NY3d 416 [2008]; *People v Brown*, 116 AD3d 1017 [2014]; *People v Poole*, 90 AD3d 1550 [2011]). The court also properly assessed 10 points under risk factor 12 for not accepting responsibility, as the defendant's statements shortly before his release from prison demonstrated that he continued to blame one of his victims, who was eight years old when he began abusing her, for seducing him, and he had not genuinely accepted responsibility for his crime (*see People v Murphy*, 68 AD3d 832, 833 [2009]; *People v Teagle*, 64 AD3d 549, 550 [2009]).

Even were we to accept the defendant's argument that points should not have been assessed for risk factor 1, the total score would still place the defendant well within the highest presumptive risk level. Accordingly, the County Court properly designated the defendant a level three sex offender. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.