Peters, P.J.
 

 Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered November 11, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
 

 In 2012, defendant pleaded guilty to the reduced charge of sexual misconduct in satisfaction of an indictment charging him with rape in the first degree and other charges and was sentenced to one year in jail. The charges arose after DNA evidence linked him to a 2010 sexual assault of an intoxicated woman whom he drove to his home, where he subjected her to nonconsensual sexual intercourse. At the time of that plea, defendant also pleaded guilty to an unrelated burglary, for which he was sentenced as a second felony offender to five years in prison with five years of postrelease supervision, and he was resentenced on a 2009 drug-related conviction for violating the terms of probation, all sentences to run concurrently. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) designating defendant as a presumptive risk level three sex offender. The People adopted that RAI with the addition of 10 points under risk factor 12 for failure to accept responsibility, resulting in a total recommended risk level score of 125. Following a hearing, County Court issued a written decision making findings of fact and conclusions of law adopting the People’s recommendation and classified defendant as a risk level three sex offender. Defendant now appeals.
 

 We affirm. Initially, defendant contends that he was improperly assessed 10 points under risk factor 12 for failure to accept responsibility. We are not persuaded. In advocating for the assessment of additional points under this risk factor, the People relied upon defendant’s statements during his postplea probation interview in which he denied any sexual activity with the victim, notwithstanding the DNA evidence, and showed no remorse. He also demonstrated a callous attitude toward the victim, referring to her in pejorative terms. Defendant opposed this assessment, submitting a 2015 sex offender counseling and treatment program evaluation that rated him on the low end of “motivated” to demonstrate appropriate behavior. That evaluation also reflected, among other things, that only with “substantial prompting” was defendant able to demonstrate “personal insight into sexual offending behavior.” As such, the evaluation was equivocal, and defendant did not testify at the hearing. Notably, “[a]n offender who does not accept responsibility for his [or her] conduct or minimizes what occurred is a poor prospect for rehabilitation. Such acknowledgment is critical, since an offender’s ability to identify and modify the thoughts and behaviors that are proximal to his [or her] sexual misconduct is often a prerequisite to stopping that misconduct” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). Under these circumstances, notwithstanding defendant’s guilty plea, the record supports County Court’s finding that defendant “failed to genuinely accept responsibility for his actions” (People v Benson, 132 AD3d 1030, 1032 [2015] [internal quotation marks and citation omitted], lv denied 26 NY3d 913 [2015]; see People v Tubbs, 124 AD3d 1094, 1095 [2015]).
 
 *
 

 With regard to risk factor 13, defendant was correctly assessed 10 points for unsatisfactory conduct while confined. County Court properly relied upon defendant’s tier II and tier III disciplinary violations while confined in 2015, just months before his scheduled release date. To that end, the first set of disciplinary violations involved his possession of a book that contained sexually explicit material. Although the book was apparently available in the prison library, petitioner had been directed — as a convicted sex offender — not to possess items of a sexual nature. The second set of disciplinary violations resulted from his presence in the recreation room in violation of the disposition in the first matter (see People v Griest, 133 AD3d 1062, 1063 [2015]). Thus, we find no basis to disturb the assignment of points under this risk factor (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]).
 

 Defendant’s challenges to the assessment of points under risk factors 6 and 7 are unpreserved for our review, as he did not raise them at the hearing (see People v Windham, 10 NY3d 801, 802 [2008]; People v Charache, 9 NY3d 829, 830 [2007]; People v Riddick, 139 AD3d 1121, 1122 [2016]). Given that the record as a whole contains clear and convincing evidence to support the points assessed, we cannot say that County Court abused its discretion in classifying defendant as a risk level three sex offender (see Correction Law § 168-n [3]; People v Thomas, 59 AD3d 783, 785 [2009]).
 

 Egan Jr., Devine, Mulvey and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 While the Board recommended that defendant’s then-current participation in sex offender treatment in prison warranted crediting him for accepting responsibility under risk factor 12, it also noted that defendant’s remarks in the presentence report warranted County Court’s reassessment of this risk factor at the hearing. In any event, the People and the court are not bound by the Board’s recommendation (see People v Lashway, 25 NY3d 478, 483 [2015]; People v Bush, 105 AD3d 1179, 1181 [2013], lv denied 21 NY3d 860 [2013]).