People v Robinson (2018 NY Slip Op 02986)





People v Robinson


2018 NY Slip Op 02986


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


464 KA 15-01931

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHAZ E. ROBINSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (James J. Piampiano, J.), entered October 20, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Although the risk assessment instrument prepared by the Board of Examiners of Sex Offenders classified defendant as a presumptive level two risk, County Court granted the People's request for an upward departure to a level three risk based on defendant's alleged diagnosis of schizophrenia. That was error. Even if defendant in fact suffers from schizophrenia, "the record is devoid of evidence that the alleged mental illness is causally related to any risk of reoffense" (People v Diaz, 100 AD3d 1491, 1491 [4th Dept 2012], lv denied 20 NY3d 858 [2013] [internal quotation marks omitted]; see People v Burgos, 39 AD3d 520, 520-521 [2d Dept 2007]; People v Zehner, 24 AD3d 826, 827 [3d Dept 2005]; cf. People v Collins, 104 AD3d 1220, 1221 [4th Dept 2013], lv denied 21 NY3d 855 [2013]; People v Andrychuk, 38 AD3d 1242, 1243 [4th Dept 2007], lv denied 8 NY3d 816 [2007]). Contrary to the People's contention, the fact that defendant exhibits many symptoms of schizophrenia does not supply the necessary clear and convincing evidence that the disorder is causally related to an increased risk of future sex offending (see generally Zehner, 24 AD3d at 827, citing
§ 168-l [5] [a] [i]). We therefore modify the order by determining that defendant is a level two risk.
Finally, defendant's contention that the court erred in assessing certain risk factor points is academic because, even without the 30 points at issue, defendant would still qualify as a level two risk (see People v Colon, 146 AD3d 822, 823 [2d Dept 2017], lv denied 29 NY3d 904 [2017]; People v Riddick, 139 AD3d 1121, 1122 [3d Dept 2016]; People v Vasquez, 37 AD3d 193, 193 [1st Dept 2007], lv denied 8 NY3d 812 [2007]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court