People v Royal (2018 NY Slip Op 06775)





People v Royal


2018 NY Slip Op 06775


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-08504

[*1]People of State of New York, respondent,
v
Richard Royal, appellant. Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.


Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot, Jennifer Spencer, and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated July 21, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court's assessment of 10 points under risk factor 12 of the risk assessment instrument for the defendant's failure to accept responsibility for his sexual misconduct (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006] [hereinafter Guidelines]). Statements made by the defendant at the time of his arrest, and shortly before his release from prison approximately 10 years later, provided clear and convincing evidence that he had not genuinely accepted responsibility for his conduct, including statements which minimized his behavior and placed blame on the four-year-old victim for the defendant's criminal conduct (see People v Colon, 146 AD3d 822, 823; People v Lerch, 66 AD3d 1088; cf. People v Murphy, 68 AD3d 832, 833; People v Teagle, 64 AD3d 549, 550).
The defendant's contention that the Supreme Court improperly assessed 10 points under risk factor 13 for unsatisfactory conduct while confined is unpreserved for appellate review since he did not oppose the People's request for the scoring of these points (see People v Gillotti, 23 NY3d 841, 854; People v Morrison, 156 AD3d 831; People v Benitez, 140 AD3d 1140, 1141; People v Awalt, 17 AD3d 336). We decline to reach that contention in the interest of justice. We note that the application of these points had no effect on the defendant's presumptive risk level.
The Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure to a risk level two designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the [*2]totality of the circumstances warrants a departure for the purposes of avoiding an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the totality of the circumstances did not warrant a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see Correction Law art 6-C; People v Gillotti, 23 NY3d at 861; People v Johnson, 11 NY3d 416, 421).
Accordingly, the defendant was properly designated a level three sex offender.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court