People v Alexander (2019 NY Slip Op 02182)





People v Alexander


2019 NY Slip Op 02182


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

525143

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EDWARD A. ALEXANDER, Appellant.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Thomas H. Kheel, Ithaca, for appellant.
Matthew VanHouten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the County Court of Tompkins County (Cassidy, J.), entered April 18, 2017, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
After defendant fondled a 12-year-old girl through her clothes and a blanket, he was charged with and convicted of sexual abuse in the first degree (two counts) and endangering the welfare of a child and was sentenced to concurrent terms of imprisonment followed by a period of postrelease supervision [FN1]. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level one sex offender. Although the Board did not assess any points under risk factor 12 (acceptance of responsibility), it noted that such scoring was based solely upon defendant's completion of sex offender treatment while incarcerated and indicated that County Court "may wish to assess [defendant's] genuine acceptance of responsibility given his extensive history of denying guilt."
In response, the People requested that defendant be scored an additional 10 points under risk factor 12, which would result in a presumptive risk level two classification. Defense counsel objected, claiming that the People failed to provide timely notice of the requested risk level classification as required by Correction Law § 168-d (3) and that County Court lacked jurisdiction to conduct the scheduled hearing because defendant's sentencing minutes did not include the certification required by Correction Law § 168-d (1) (a). Following a hearing, at which risk factor 12 was the only contested factor, County Court imposed the additional points [*2]requested by the People and classified defendant as a risk level two sex offender with a sexually violent offender designation. Defendant appeals.
We affirm. Correction Law § 168-d (3) requires that — at least 15 days prior to the risk level classification hearing — the People provide defendant and the court with "a written statement setting forth the determinations sought" and the reasons therefor. Although the People concede that their written statement — dated February 28, 2017 — was tendered less than 15 days prior to the risk level classification hearing scheduled for March 8, 2017, the record reflects that the hearing did not take place until April 18, 2017, more than six weeks after the People notified defendant of the proposed risk level two classification, thereby "giving defendant considerably more than the 15 days' notice required by statute" (People v Moon, 3 AD3d 600, 601 [2004], lv denied 2 NY3d 743 [2004]). As the record otherwise reflects that defendant was "given and pursued an ample and meaningful opportunity to respond to all aspects of the People's and the Board's risk level assessments," we are satisfied that defendant's due process rights were "adequately protected" (People v Warren, 42 AD3d 593, 594 [2007], lv denied 9 NY3d 810 [2007]).
Defendant's related claim — that County Court's failure to certify him as a sex offender pursuant to Correction Law § 168-d (1) (a) deprived the court of jurisdiction to conduct the risk level classification hearing — is equally unavailing. The sentencing minutes reflect that defendant repeatedly was advised that he would be required to register as a sex offender and, further, that he would be subject to a risk level classification hearing upon his release from prison, thus fulfilling County Court's obligation to apprise defendant of his duties under Correction Law article 6-C (see Correction Law § 168-d [1] [a]). Additionally, the statute makes clear that any "[f]ailure to include the certification in the order of commitment or the judgment of conviction shall not relieve a sex offender of the obligations imposed by this article" (Correction Law § 168-d [1] [a]). Accordingly, County Court's omission in this regard neither deprived it of jurisdiction nor denied defendant due process.
Turning to the merits, the People did not — as defendant contends — request an upward departure from the Board's presumptive risk level one classification. Rather, the People sought the assessment of additional points under risk factor 12 based upon defendant's failure to accept responsibility for his conduct. "The People must establish the proper risk level classification by clear and convincing evidence, which may include reliable hearsay such as the risk assessment instrument, case summary, presentence investigation report and statements provided by the victim to police" (People v Darrah, 153 AD3d 1528, 1528 [2017] [internal quotation marks and citations omitted]; accord People v Saunders, 156 AD3d 1138, 1139 [2017]). Here, the case summary, the People's written statement and the presentence report, together with defendant's statements at sentencing and his testimony at the hearing, wherein he continued to insist that he "never touched the victim," provide clear and convincing evidence to support the finding that "defendant failed to genuinely accept responsibility for his actions" (People v Benson, 132 AD3d 1030, 1032 [2015] [internal quotation marks and citation omitted], lv denied 26 NY3d 913 [2015]; accord People v DePerno, 165 AD3d 1351, 1352-1353 [2018], lv denied ___ NY3d ___ [Feb. 19, 2019]; People v Aldana, 154 AD3d 1020, 1021 [2017]). Accordingly, the assessment of 10 additional points under risk factor 12 was justified, and County Court's resulting classification of defendant as a risk level two sex offender will not be disturbed.
Garry, P.J., Lynch, Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Upon defendant's direct appeal, we affirmed (People v Alexander, 160 AD3d 1121 [2018]).