People v Tuitt (2019 NY Slip Op 06106)





People v Tuitt


2019 NY Slip Op 06106


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2015-04276

[*1]People of State of New York, respondent, 
v
Brian Tuitt, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered April 27, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree and sexual abuse in the first degree (two counts), arising from an incident in which the defendant sexually assaulted three girls between the ages of 11 and 13 years old. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 120 points, which presumptively placed him within the range for a level three designation. The court denied the defendant's request for a downward departure and designated him a level three sex offender. The defendant appeals, challenging the assessment of points under risk factors 1 and 12, and the denial of his request for a downward departure.
In establishing an offender's risk level pursuant to SORA, the People have the burden of proving the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]). Such facts may be established through the defendant's admissions, the victim's statements, "and any relevant materials and evidence" submitted by the parties, including "reliable hearsay evidence" (id.), which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders (see People v Mingo, 12 NY3d 563, 573; SORA: Risk Assessment Guidelines and Commentary at 5 [2006; hereinafter SORA Guidelines]).
We agree with the Supreme Court's determination assessing the defendant 30 points under risk factor 1 for being armed with a dangerous instrument. The People established by clear and convincing evidence that the defendant was wearing his police uniform with his handgun holstered on his hip when he sexually assaulted the victims, and thus, was armed with a dangerous instrument during the subject incident (see SORA Guidelines at 7-8; People v Watkins, 168 AD3d 1007, 1008; People v Dash, 111 AD3d 907, 908; see also People v Pettigrew, 14 NY3d 406, 409).
We also agree with the Supreme Court's determination assessing the defendant 15 points under risk factor 12 for failing to accept responsibility for his conduct and for refusing or being expelled from sex offender treatment. Contrary to the defendant's contention, the People established by clear and convincing evidence that the defendant did not genuinely accept responsibility for his conduct (see SORA Guidelines at 15-16). In this regard, the People relied upon [*2]the defendant's limited admissions, persistent denials, and statements which minimized his behavior and attempted to shift blame to his victims and their family members (see People v Royal, 165 AD3d 851, 852; People v Colon, 146 AD3d 822, 823).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, a downward departure was not warranted here, as none of the factors put forward by the defendant, either singly or in combination with each other, showed that the presumptive risk level overassessed the defendant's dangerousness and risk of sexual recidivism (see generally People v Gillotti, 23 NY3d at 861; SORA Guidelines at 2).
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court