People v Bigelow (2019 NY Slip Op 06636)





People v Bigelow


2019 NY Slip Op 06636


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-08723

[*1]People of State of New York, respondent, 
v
Thomas Bigelow, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated May 30, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the County Court's determination denying the defendant's application for a downward departure from his presumptive risk level designation as a level two sex offender. Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The circumstances cited by the defendant in support of his application, including his remorse and lack of prior criminal history, were adequately taken into account under the Guidelines (see Guidelines at 13-16). Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances of a kind or to a degree not adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Saintilus, 169 AD3d 838, 839).
The defendant's contention that a downward departure is warranted on the basis of his completion of a treatment program while incarcerated is also without merit. Although "a [*2]defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional," here, the defendant failed to show by a preponderance of the evidence that his response to the treatment was exceptional (People v Figueroa, 138 AD3d 708, 709).
The defendant's remaining contentions as bases for a downward departure are unpreserved for appellate review because he did not assert them as mitigating factors at the SORA hearing. In any event, they are without merit. Although "advanced age" may constitute a basis for a downward departure (see Guidelines at 5), here, the defendant, who committed the offenses at age 53, failed to demonstrate that his age at the time of the SORA determination, 57 years old, resulted in the overassessment of his risk to public safety (see People v Munoz, 155 AD3d 1068, 1069). Likewise, since the defendant failed to proffer any evidence of his emotional state at the time that he committed his crimes and his girlfriend died more than a year before he began his criminal conduct against the victim, he failed to prove that his "state of emotional upheaval" is a mitigating factor (see generally People v Saintilus, 169 AD3d at 839). In fact, the defendant's proffer of "emotional upheaval" suggests that he has not taken complete responsibility for his criminal actions and, instead, blames his conduct on his emotional state at the time due to his girlfriend's death (see e.g. People v Abraham, 39 AD3d 1208, 1209; People v Moon, 3 AD3d 600, 601).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court