People v Toussaint (2020 NY Slip Op 03812)





People v Toussaint


2020 NY Slip Op 03812


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-11338

[*1]People of State of New York, respondent,
v
Jean Toussaint, appellant. Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan Dennehy of counsel; Alex Randazzo on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Suzanne M. Mondo, J.), dated October 11, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant's contention that the Supreme Court improperly assessed him points under risk factor 12 is unpreserved for appellate review, and we decline to reach it in the interest of justice (see CPL §§ 470.05[2]; 470.15[3][c]; People v Lazzari, 169 AD3d 837; People v Palacios, 137 AD3d 761; People v Game, 131 AD3d 460).
Contrary to the defendant's further contention, he was not entitled to a downward departure from his presumptive risk level. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Garner, 163 AD3d 1009, 1009 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also SORA: Risk Assessment Guidelines and Commentary [hereinafter the Guidelines] at 4 [2006]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Garner, 163 AD3d at 1009; see People v Gillotti, 23 NY3d at 861).
Most of the factors cited by the defendant in support of his application were adequately taken into account under the Guidelines, including the victim's age, the defendant's lack of criminal history, and the defendant's employment history. Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into account by the [G]uidelines" (People v Gillotti, 23 NY3d at 861; see People v Santiago, 137 AD3d 762, 764). The defendant also cited family support as a mitigating factor, however the [*2]defendant failed to demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community. Thus, he failed to establish that this was an appropriate mitigating factor which was otherwise not adequately taken into account by the Guidelines (see People v Blinker, 170 AD3d 1052, 1053; People v Kohout, 145 AD3d 922). In any event, with respect to all of these factors, the defendant failed to demonstrate by a preponderance of the evidence that these factors "resulted in the over-assessment of his risk to public safety" (People v Wyatt, 89 AD3d at 129).
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure and designating him a level two sex offender.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court