People v Appiahkubi (2024 NY Slip Op 51343(U))

[*1]

People v Appiahkubi (Derec)

2024 NY Slip Op 51343(U)

Decided on September 30, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570108/18

The People of the State of New York, Respondent,
against
Derec Appiahkubi, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York County (David Frey, J.), entered February 2, 2018, which, after a hearing, adjudicated him a level two sex offender and a predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art. 6-C).

Per Curiam.
Order (David Frey, J.), entered February 2, 2018, modified, on the law, by vacating the determination that defendant is a predicate sex offender and, as modified, affirmed. 
The record supports the level two sex offender adjudication. Defendant's contention relating to the assessment of points under risk factor 12 for not having accepted responsibility is unpreserved for appellate review, and we decline to reach it in the interest of justice (see People v Toussaint, 185 AD3d 742, 743 [2020], lv denied 35 NY3d 916 [2020]; People v Grigg, 112 AD3d 802 [2013], lv denied 22 NY3d 865 [2014]). At the SORA hearing, defense counsel only challenged the assessment of 30 points under risk factor 9, and did not object to the assessment of points in all other categories, including risk factor 12 (see People v Echols, 207 AD3d 478 [2022]).
Defendant's challenge to the full 30-point assessment based upon his prior criminal history is improperly made for the first time in a reply brief, and is, in any event, without merit, since he was previously convicted of the misdemeanor sex crimes of forcible touching and third-degree sexual abuse (see People v DeJean, 205 AD3d 460, 460-461 [2022], lv denied 39 NY3d 914 [2022]; People v Kager, 42 AD3d 944, 945 [2007]).
As the People concede, the court erred in classifying defendant as a predicate sex offender.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: September 30, 2024